■ In the Matter of the Claim of RAY LOMBARDO, Respondent, against J L R CONSTRUCTION CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for partial disability during two separate periods. Appellants contend that there is no substantial evidence to support the finding of reduced earnings upon which the award is based. Claimant, employed as a building construction supervisor at $150 per week, was injured January 9, 1956 and was paid compensation until July 25, 1956. The board found that during the subsequent periods of the award here appealed from claimant's wage earning capacity was reduced to $100 per week and made award accordingly. There is substantial evidence of partial disability for the first period — that of nine days commencing July 25, 1956 — in the attending physician's reports of examinations on May 14, 1956 and April 11, 1957 and in his testimony given June 6, 1957; and it was shown that during this period claimant's wages were reduced to $100 per week because his employer " didn't feel he was capable of doing the work he had been doing before ", this conclusion being confirmed by the testimony of claimant himself. With respect to the other period — that from April 5, 1957 to February 11, 1958 — the board could accept the attending physician's opinion of permanent partial disability given June 6, 1957, coupled with claimant's testimony of June 6, 1957 and February 10, 1958 that during the period he suffered from severe pain in the region of his neck injury and elsewhere and that from April 5, 1957 until October 5, 1957 he did not work at all, because he could not climb ladders or perform the occasional heavy labor which in his case was incidental

to his supervisory duties. (Cf. *Matter of Sakalian* v. *Morgan Laundry,* 7 A D 2d 790.) Additionally, the brief of the respondent board urges the theory of a presumption of continuance of disability, but this we have heretofore expressly disapproved. (*Matter of Galvin* v. *Bethlehem Steel Co.,* 9 A D 2d 564.) Appellants refer to, and do not question the competency of an unsigned medical report of examination made during the hearing of February 10, 1958 and a report of examination on April 8, 1958, which was subsequent to the last hearing, each report noting partial disability. Neither is necessary to our decision but the latter report at least may be considered on the remittal which is necessary by reason of the absence of any evidence as to the amount of claimant's earnings subsequent to October 5, 1957. The award for the periods prior to that date was proper. Decision and award reversed and matter remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.